UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-CR-20894-SEITZ

UNITED STATES OF AMERICA,

v.

SERGE JEAN,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S *PRO SE* MOTION TO
REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582**

THIS MATTER is before the Court on Defendant Serge Jean's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 [DE 58]. Defendant argues he is entitled to a sentence reduction for two reasons: first, he is no longer a career offender following the Supreme Court's ruling in *Mathis v. United States,* 579 U.S. 500 (2016), and second, the death of his child's mother. The Court has reviewed the Motion and the record. Because neither argument meets the "extraordinary and compelling" standard as defined by the statute, the Motion must be denied.

I.    **BACKGROUND**

Defendant pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a) (Count 2) and possession of a firearm in furtherance of a drug tracking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4). [DE 31.] Defendant was sentenced to 262 months' imprisonment followed by a three-year term of supervised release. [DE 37.] Per his plea agreement, Defendant waived his right to appeal his sentence. [DE 36.] Defendant was classified as a career offender pursuant to U.S.S.G. § 4B1.1(a) because of two prior convictions for crimes of violence, specifically

1

resisting an officer with violence in 1996, and armed burglary and armed robbery in 1997. [PSI ¶¶ at 30–31.] Defendant has served more than 15 years of his prison term and is currently housed at FCI Bastrop. His expected release date is November 20, 2024.

## II. LEGAL STANDARD

Once a court imposes a sentence of imprisonment, it is considered a final judgment that generally may not be modified. *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003); 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a defendant may move for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) after he or she has exhausted administrative remedies with the Bureau of Prisons ("BOP").[1] A court may reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if three conditions are met: (1) the § 3553(a) factors favor doing so; (2) extraordinary and compelling reasons justify the reduction; and (3) doing so would not endanger the community. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Courts can only reduce a sentence if doing so is consistent with the parameters set forth in U.S.S.G. § 1B1.13's policy statement governing 18 U.S.C. § 3582(c)(1)(A) motions. *Id.*

## III. DISCUSSION

Defendant argues that he has presented extraordinary and compelling reasons in two ways. First, the new subsection in U.S.S.G. § 1B1.13's policy statement states changes in the law resulting in sentencing disparities can be extraordinary and compelling reasons justifying release. [DE 58 at 4.] Specifically, Defendant argues he does not qualify as a career offender following the Supreme Court's holding in *Mathis v.*

---

[1] Defendant exhausted administrative remedies prior to filing this Motion. [DE 58 at 3.]

*United States,* 579 U.S. 500, 501 (2016), which held that a state crime cannot qualify as a predicate offense for an Armed Career Criminal Act ("ACCA") enhancement if its elements are broader than the listed generic offenses in ACCA's "enumerated crimes" clause: burglary, arson, or extortion. *See* § 924(e)(2)(B)(ii). Thus, he argues, his prior conviction for armed burglary is not a qualifying predicate offense because Florida law defines it more broadly than the "generic" offense of burglary. Regardless of whether Florida law defines burglary more broadly than the "generic" form of burglary, Defendant's prior convictions fall under the ACCA "elements clause." *See* § 924(e)(2)(B)(i).

Under ACCA, there are two bases for sentencing enhancements. Defendants may be subject to a sentencing enhancement if they have previously been convicted of a "violent felony" as defined in either 18 U.S.C. § 924(e)(2)(B)(i), the "elements clause," or 18 U.S.C. § 924(e)(2)(B)(ii), the "enumerated crimes clause." The elements clause defines a violent felony as an offense with an element of the use, attempted use, or threatened use of physical force against another. 18 U.S.C. § 924(e)(2)(B)(i).

Defendant's prior convictions for resisting arrest with violence and armed robbery both fall within the elements clause because under Florida law, both contain an element of the use, attempted use or threatened use of physical force against another person.[2] Given that Defendant was convicted of at least two violent felonies prior to being charged with the

---

[2] Under Florida law, resisting arrest with violence consists of "knowingly and willfully" resisting, obstructing, or opposing any officer . . . by *offering or doing violence to the person* of such officer . . . . " Fla. Stat. § 843.01(1).

Under Florida law, a robbery consists of the taking of money or other property which may be subject of a larceny from the person or custody of another when in the course of the taking *there is the use of force, violence, assault, or putting in fear.* Fla. Stat. § 812.13(1). If armed, a robbery becomes a first-degree felony. Fla. Stat. § 812.13(2)(a).

controlled substance for which he is currently sentenced, Defendant would still qualify as a career offender subject to the ACCA enhancement. Thus, Defendant has not presented extraordinary and compelling circumstances under § 1B1.13(b)(6).

Next, Defendant argues that the death of his child's mother constitutes extraordinary and compelling reasons under § 1B1.13(b)(3)(C). [DE 58 at 3.] However, his child's mother died in 2013. Even if this rose to the level of extraordinary and compelling, Defendant did not provide any documentation proving that his child is still a minor and that Defendant is the only available caretaker as required by § 1B1.13(b)(3)(C). Presumably, his child has been cared for during the eleven years since the mother's unfortunate passing. As such, this does not rise to the level of extraordinary and compelling.

Because Defendant has not presented extraordinary and compelling reasons, the Court need not determine whether the § 3553(a) factors favor release, or whether Defendant is still a danger to the community. *United States v. Giron*, 15 F.4th 1343, 1348–49 (11th Cir. 2021). Accordingly, it is

**ORDERED** that Defendant Serge Jean's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 [DE 58] is **DENIED.**

DONE and ORDERED in Miami, Florida, this 4th day of March, 2024.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
U.S. Probation Office